# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1755 | **DATE** | 3/2/2004 |
| **CASE TITLE** | Heller Financial Leasing, Inc. vs. Comprehensive Communications Systems Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. For the reasons stated in the attached memorandum opinion and order, judgment is entered against Comprehensive Communications on Count I in the amount of $76,696.13 ($59,299.94 in principal + $17,396.19 in contractual interest). Judgment is entered against Comprehensive Communications, Joyce Cutsforth, and Charles Cutsforth, jointly and severally, on Count II in the amount of $111,755.68 ( $84,131.28 in principal + $27,624.38 in contractual interest). Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAR 10 2004 date docketed | | |
| ✓ | Docketing to mail notices. | | | | 19 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| | MF | courtroom deputy's initials | MAR 2004 date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HELLER FINANCIAL LEASING, INC., a GE CAPITAL COMPANY, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 03 C 1755 |
| COMPREHENSIVE COMMUNICATIONS SYSTEMS CORP., an Illinois corporation; JOYCE CUTSFORTH, individually; and CHARLES CUTSFORTH, individually, | ) ) ) ) ) ) | Judge John W. Darrah |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Heller Financial Leasing, Inc., a GE Capital Company ("GECC"), filed a suit against the Defendants, alleging breach of contract and breach of guaranties. Presently before the Court is GECC's Motion for Summary Judgment.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts. *See Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001).

In the instant case, Defendants did not file a response to GECC's motion and have not disputed any of GECC's statements of material facts. Therefore, all the material facts averred by GECC are deemed admitted. *See Oates v. Discovery Zone*, 116 F.3d 1161, 1167 (7th Cir. 1997); L.R. 56.1(b)(3)(B). Even though the Defendants failed to respond to GECC's statement of material facts and such facts are deemed admitted, GECC's Motion for Summary Judgment will only be granted if it can demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See Johnson v. Gudmundson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

Comprehensive Communications Systems Corp. is in the business of communications. (Plaint.'s 56.1(a)(3) Statement ¶ 13). On or about May 30, 2000, Comprehensive and Crocker Capital, Inc. entered into Equipment Lease Agreement No. 02909-500-01 ("Agreement I") for the lease of certain equipment. (Id., ¶ 14). The terms of Agreement I provide for payments by Comprehensive in the sum of $1,939.84 per month for a period of 48 consecutive months. (Id., ¶ 15). Crocker Capital assigned all of its rights, title, and interest in Agreement I to FNF Capital, Inc. (Id., ¶ 16). FNF Capital assigned all of its rights, title, and interest in Agreement I to GECC. (Id., ¶ 17).

In reliance of representations made by Comprehensive that the Agreement I equipment was delivered, installed, and accepted, GECC funded the vendor for the Agreement I equipment. (Plaint.'s 56.1(a)(3) Statement ¶ 18). GECC fully performed all conditions, precedent and subsequent, required of it in Agreement I. (Id., ¶ 19). Comprehensive made payments under the terms of Agreement I but ceased making monthly payments to GECC after March 2002. (Id., ¶ 20).

Pursuant to the terms of Agreement I, upon default, at its option, GECC may declare all unpaid rentals immediately due and payable. GECC accelerated the balance due on the lease in the

sum of $59,299.94. (Plaint.'s 56.1(a)(3) Statement ¶ 21). Pursuant to the terms of Agreement I, Comprehensive has incurred and agrees to pay: (a) late charges at the rate of ten percent (10%) per month for a total of $4,073.58 and (b) contractual interest of 18% per annum. (Id., ¶ 22). Pursuant to Agreement I, Comprehensive also agrees to pay reasonable attorney's fees incurred as a result of this action. (Id., ¶ 23). As a proximate result of Comprehensive's breach of Agreement I, GECC suffered damages in the amount of $59,299.94, plus contractual interest of at least $17,396.19. (Id., ¶ 24). The above sums have been requested from Comprehensive on numerous occasions, but Comprehensive has failed or refused to pay such sums or any part thereof although payment has been duly demanded of Comprehensive by GECC. (Id., ¶ 25).

On or about July 21, 2000, Comprehensive and Banc Union Trust entered into Equipment Lease Agreement No. 6928601 ("Agreement II") for the lease of certain equipment. (Plaint.'s 56.1(a)(3) Statement ¶ 26). The terms of Agreement II provide for payment by Comprehensive in the sum of $1,845.66 per month for a period of 60 consecutive months. (Id., ¶ 27). Banc Union assigned all of its rights, title, and interest in Agreement II to United Capital Leasing Corporation. (Id., ¶ 28). Thereafter, United Capital assigned all of its rights, title, and interest in Agreement II to Old Kent Leasing Services Corporation. (Id., ¶ 29). Subsequently, Old Kent was acquired by GECC. (Id., ¶ 30).

In reliance upon representations made by Comprehensive that the Agreement II equipment was delivered, installed, and accepted, GECC funded the vendor for the Agreement II equipment. (Plaint.'s 56.1(a)(3) Statement ¶ 31). GECC has fully performed all conditions, precedent and

3

subsequently, required of it in Agreement II. (Id., ¶ 32). Comprehensive made payments under the terms of Agreement II but ceased making monthly payments to GECC after January 2002. (Id., ¶ 33).

Pursuant to the terms of Agreement II, upon default, GECC, at its option, may declare all unpaid rentals immediately due and payable. GECC has accelerated the balance due on the lease and the sum of $84,131.28. (Plaint.'s 56.1(a)(3) Statement ¶ 34). Pursuant to the terms of Agreement II, Comprehensive has incurred and agrees to pay: (a) late charges at the rate of ten percent (10%) per month for a now due of $4.060.54 and (b) contractual interest of 18% per annum. (Id., ¶ 35). Pursuant to the terms of Agreement II, Comprehensive also agrees to pay a documentation fee of $100.00. (Id., ¶ 36). Comprehensive has also agreed to pay reasonable attorney's fees incurred as a result of this action. (Id., ¶ 37). As a proximate result of Comprehensive's breach of Agreement II, GECC has suffered damages in the amount of $84,131.28, plus contractual interest of $27,624.38. (Id., ¶ 38). The above sums related to Agreement II have been requested from Comprehensive on numerous occasions, but Comprehensive has failed and refused to pay such sums or any part thereof although payment has been duly demanded of Comprehensive by GECC. (Id., ¶ 39).

Also on July 21, 2000, Joyce Cutsforth and Charles Cutsforth, individually, executed an instrument, in consideration of Banc Union's leasing and delivering to Comprehensive such equipment as Comprehensive may order; Joyce and Charles unconditionally guaranteed prompt payment, at maturity or by acceleration, of all indebtedness owed by Comprehensive to Banc Union under Agreement II. (Plaint.'s 56.1(a)(3) Statement ¶ 41). In reliance of the guaranties, the equipment was delivered to Comprehensive; and due notice thereof was given to Joyce and Charles. (Id., ¶ 41). After Comprehensive stopped making monthly payments, GECC accelerated the balance

4

due under Agreement II and made demand upon Joyce and Charles to pay the balance due under Agreement II. Joyce and Charles have failed to pay the balance due under Agreement II although such payment has been duly demanded of them by GECC. (Id., ¶¶ 43-44).

To sustain a breach of contract action under Illinois law, a plaintiff must establish that a contract exists between the parties, that plaintiff performed its obligations under the contract, that defendant did not perform its obligations under the contract, and an injury or damages as a result of the breach. *See Jackson v. Hammer*, 274 Ill. App. 3d 59, 64 (1995); *Berry v. Oak Park Hospital*, 256 Ill. App. 3d 11, 19 (1993).

The above undisputed facts demonstrate that contracts exist between GECC and the Defendants, that GECC performed its obligations under the contracts, that Defendants have failed to perform their obligations under the contracts, and that GECC suffered damages as a result of the breach of contracts. Accordingly, GECC's Motion for Summary Judgment is granted.

Judgment is entered against Comprehensive Communications on Count I in the amount of $76,696.13 ($59,299.94 in principal + $17,396.19 in contractual interest). Judgment is entered against Comprehensive Communications, Joyce Cutsforth, and Charles Cutsforth, jointly and severally, on Count II in the amount of $111,755.68 ($84,131.28 in principal + $27,624.38 in contractual interest).

Dated: March 2, 2004

JOHN W. DARRAH
United States District Judge

5